# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HELEN LOUISE STERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-CV-117-LMB |
| | ) | |
| BRAD STATLER, CONNIE ANTHONY, | ) | |
| LOCAL CHECK ADVANCE, INC., | ) | |
| REGINA IVY and CAPE GIRARDEAU | ) | |
| COUNTY SHERIFF DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Helen Louise Sterling for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary relief in this action against defendants Brad Statler (Sheriff), Connie Anthony, Local Check Advance, Inc., Regina Ivy and Cape Girardeau Sheriff's Department. Plaintiff states that she borrowed money from defendant Local Check Advance, Inc., in the amount of $393.75. She states that a summons and petition were served upon her for refusal to repay the loan. Plaintiff alleges that Sheriff Statler did not properly serve said summons and petition and that defendant Statler conspired with defendant Anthony to help her succeed on the claim. She further alleges that the defendant Cape Girardeau Sheriff's Department knew or should have known of defendant Statler's illegal activities. Plaintiff alleges that she went to court, as summoned, but that defendant Ivy, on the pretense of helping her settle the claim, caused her to leave the courthouse and not appear before the judge. She asserts that the judgment against her, in the amount of $498.15, was the result of extortion, fraud and deceit.

**Discussion**

Liberally construing plaintiff's complaint, the Court finds that the gravamen of said complaint is that the state court judgment finding plaintiff liable on her promissory note was in error.

Pursuant to the *Rooker-Feldman* doctrine,[1] "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court.*" Ace Construction v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001); *see also Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). An action is, in effect, an appeal of the state court judgment "[i]f the federal court can only provide relief by determining that the state court was wrong." *Id.* Thus, to the extent that plaintiff is, in effect, seeking federal review of a state court's Order against her, this Court lacks subject matter jurisdiction over the action. *Cf. Ernst v. Child and Youth Serv. of Chester County*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *Centres, Inc. v. Town of Brookfield, Wis.,* 148 F.3d 699, 702 (7th Cir. 1998); *see also Postma*, 74 F.3d at 162.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks subject matter jurisdiction. *See* 28

---

[1]*See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 26th day of September, 2005.

_____
**UNITED STATES DISTRICT JUDGE**